IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, HARTFORD CASUALTY INSURANCE COMPANY, and HARTFORD INSURANCE COMPANY OF THE MIDWEST,<br><br>Plaintiffs,<br><br>v.<br><br>ENCORE MARKETING INTERNATIONAL, INC., REGENT GROUP INC., and PROVIDE COMMERCE INC.,<br><br>Defendants. | Civ. No. 10-620-SLR |

**MEMORANDUM ORDER**

At Wilmington this 24th day of February, 2011, having reviewed defendant Provide Commerce Inc.'s motion to transfer (or, in the alternative, to stay) and the papers filed in connection therewith;

IT IS ORDERED, for the reasons that follow, that said motion (D.I. 13) is denied:

1. **Background.** On July 21, 2010, Hartford Fire Insurance Company, Hartford Casualty Insurance Company, and Hartford Insurance Company of the Midwest (collectively "Hartford") filed this declaratory action against their insureds, Provide Commerce, Inc. ("Provide Commerce"), Encore Marketing International, Inc ("Encore") and Regent Group, Inc. ("Regent"), seeking a judicial determination of whether Hartford

is obligated to continue defending Provide Commerce, Encore and Regent in two putative nationwide class actions pending in the United States District Court for the Southern District of California[1] and the United States District Court for the District of New Jersey[2] (collectively "the underlying lawsuits").[3] (D.I. 12, 29)

2. Provide Commerce has moved to transfer the instant action to the Southern District of California. (D.I. 13) Provide Commerce asserts that transfer is appropriate because the underlying lawsuits have nothing to do with Delaware. (D.I. 12) Specifically, Provide Commerce argues that: (1) none of the parties has its principal place of business in Delaware; (2) none of the defendants has any place of business in Delaware; (3) none of the relevant events occurred in Delaware; (4) none of the insurance policies were issued in Delaware; and (5) none of the underlying coverage litigation was filed in Delaware. There is, however, one connection to Delaware: it is the state of incorporation for all defendants.

3. Hartford opposes transfer, asserting that: (1) Provide Commerce has not satisfied its burden of demonstrating that this forum is incovenient and that the balance of interests weigh toward transfer; and (2) Provide Commerce, Regent and Encore

---

[1]*In re EasySaver Rewards Litigation,* Civil No. 09-CV-2094-MMA (WVG) (S.D. Cal.). After conducting an early neutral evaluation conference on December 15, 2010, the court concluded that settlement could not be reached and entered an order setting forth discovery compliance deadlines.

[2]*Herbst v. Encore Marketing International, Inc., et al.,* Case No. 10-CV-00870-FSH-PS (D. N.J.). On February 16, 2011, Provide Commerce's motion to transfer the action to the Southern District of California was granted. (D.I. 42)

[3]Hartford is defending Provide Commerce, Regent and Encore under a reservation of rights. (D.I. 29)

2

chose to incorporate in Delaware, thereby volunteering to be subject to this court's jurisdiction. (D.I. 29)

4. **The parties.** Provide Commerce, a Delaware corporation, is an online retailer that owns and operates ProFlowers.com which sells a variety of fresh-cut flowers, mixed bouquets and other items shipped to order fresh from growers. (D.I. 14) Provide Commerce, along with its wholly-owned subsidiaries, also owns and operates several other website retail businesses. Provide Commerce's corporate headquarters and executive offices are located in San Diego, California. Provide Commerce's management team and nearly all corporate officers and employees work out of its San Diego offices and corporate policies and principles are primarily made and emanate from that location. (*Id.*) All Provide Commerce employees "who have information relevant to matters at issues in this lawsuit work out of the San Diego headquarters for Provide Commerce and would obviously find the Southern District of California to be a more convenient forum . . . ." (*Id.* at 15 ¶ 9) Provide Commerce anticipates its insurance broker, located in San Diego, California, will be a witness and cannot be compelled to testify in Delaware.

5. Encore is a Delaware corporation with its principal place of business in Maryland. Regent is a Delaware corporation with its principal place of business in Maryland. Encore and Regent operate several consumer benefit programs, including the EasySaver Rewards program, where members can obtain discounts on products and services. (D.I. 1)

6. Hartford Fire Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut. (D.I. 1) Hartford Casualty

Insurance Company is an Indiana corporation with its principal place of business in Hartford, Connecticut. Hartford Insurance Company of the Midwest is an Indiana corporation with its principal place of business in Hartford, Connecticut. Some of the commercial general liability insurance policies at issue were issued by Hartford Insurance Company of the Midwest and Hartford Casualty Insurance Company to Provide Commerce[4] in San Diego, California through an insurance brokerage firm located there. Hartford Fire Insurance Company issued commercial general liability policies to the parent company of Provide Commerce, naming Provide Commerce as an insured. (D.I. 14)

7. **The underlying actions.** Essentially, the underlying actions involve allegations that, after customers placed orders over the internet with ProFlowers.com, they were offered a membership in the EasySaver Rewards program and, when presented with the offer, customers either: (1) declined to enroll, but allege they were enrolled in the EasySaver Rewards program anyway; or (2) were tricked into enrolling in the EasySaver Rewards program. (D.I. 12, 16) The underlying actions characterize defendants' conduct as a conspiracy to enroll Provide Commerce's customers in the EasySaver Rewards program without their permission and to charge said customers with unauthorized membership and activation fees. (D.I. 29, 16)

8. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended

---

[4]At the time, known as ProFlowers, Inc. (D.I. 14)

through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni*, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

9. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993).

10. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," *Id.*, the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

11. **Analysis.** At the outset, the court reiterates its mantra that defendants, as Delaware corporations, have no reason to complain about being sued in Delaware. Moreover, the dispute at bar essentially is a legal one, that of comparing the relevant insurance policies to the complaints filed in the class action lawsuits to determine whether Hartford has an obligation to defend Provide Commerce, Encore and Regent in the litigation pending in the Southern District of California and the District of New

Jersey. As such, there are no substantial burdens associated with discovery[5] or witness availability. There also are no efficiencies to be had in transferring the case at bar to another court, as the merits of the dispute at bar and the merits of the class actions are not outcome determinative or even related to any significant degree. Finally, the fact that two of the three defendants are located in Maryland weighs against a transfer to California.

12. **Motion to Stay.** In the alternative, Provide Commerce moves to stay the instant action. The "court's power to stay proceedings is incidental to its inherent power to control the disposition of cases on its docket." *St. Clair Intellectual Property Consultants, Inc., v. Samsung, Elec. Co.*, 2010 WL 1213367, at *3 (D. Del. Mar. 28, 2010). The decision to stay rests within the court's sound discretion. *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). The court should consider the following factors in deciding whether to exercise its discretion to stay: (1) the length of the stay requested; (2) the "hardship or inequity" that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

13. Provide Commerce has failed to demonstrate that a stay is warranted. As stated above, the issue at bar is whether Hartford has a duty to defend Provide Commerce (and Encore and Regent). A duty to defend is generally determined merely by placing the underlying complaint next to the applicable insurance policies to search

---

[5]Although this court does not recognize discovery, in this electronic age, as a reason to transfer in any event.

for even one potentially covered allegation. *See, e.g., Montrose Chemical Corp. v. Superior Ct.*, 861 P.2d 1153 (Cal. 1993); *Walk v. Hartford Cas. Ins. Co.*, 382 Md. 1, 15 (2004). There has been nothing presented demonstrating that this discrete issue will affect the issues pending in the underlying lawsuits.

_____
United States District Judge
